# McDonald's Administrator *v.* McDonald's Creditors.

## Partial Settlement of Insolvent Estate.

*Conclusiveness of probate decree.* — A decree of the probate court, rendered on the final settlement of the accounts of the administrator in chief of an insolvent estate, is conclusive on him, as to the assets returned by him as the property of the

estate ; and if he is continued in office, as the administrator of the insolvent estate, he cannot be allowed, on a subsequent settlement with the creditors, to show that a note for money loaned, payable to himself as administrator in chief, and which he had returned on his former settlement as the property of the estate, was so returned by mistake, and in fact belonged to himself.

APPEAL from the Probate Court of Limestone.

In the matter of the insolvent estate of Jonathan McDonald, deceased, on partial settlement of the accounts of Elijah M. Hussey, the administrator *de bonis non.* The facts are stated in the opinion of the court as fully and clearly as they can be gathered from the record.

WM. H. WALKER, for the appellant.

HOUSTON & PRYOR, *contra.*

PETERS, C. J.— In this case, the assignment of error is so very general, that I find it quite difficult to catch with distinctness the question intended to be presented on the bill of exceptions. The only error assigned is, " The court below erred as shown by the bill of exceptions." I infer from the record, that the appellant, Hussey, was the administrator in chief of the estate of Jonathan McDonald, deceased ; that McDonald's estate was regularly declared insolvent, and that upon this Hussey made final settlement of his administration in chief, and was continued by the court as administrator of said estate unadministered. Rev. Code, § 2194. As administrator *de bonis non* thus appointed, he proceeded to make a partial settlement and distribution of the insolvent estate. On this settlement with the court, he " asked to be allowed a credit for the amount " of a certain promissory note, made by Mary B. McDonald and others, which was in these words : " One day after date, I promise to pay E. M. Hussey, adm'r of Dr. J. McDonald, dec'd, nine hundred and fifty-eight dollars and fifty-nine cents, *loaned money,* this 20th March, 1867." This credit was refused by the court below ; and, as I understand the record, which seems to consist alone of the bill of exceptions, this refusal to allow this credit is the error complained of. It seems, also, that the settlement of the administration in chief, on the declaration of the insolvency, was made on the 13th day of April, 1868, a year and more after the note above set out had become due and payable. And in the record of this settlement, this note, or one precisely similar in amount, is mentioned among the " Notes on hand, and herewith returned." It was, therefore, not accounted for in that settlement, so far as the record shows. On the trial of the partial settlement above said, Hussey, as is recited in that bill of exceptions, " proposed to prove by himself, that the foregoing

[Florence *v.* Paschal.]

note was given for wood sold, and moneys collected, of and belonging to said estate; or, rather, the said note was the property of said estate, and that he had in said final settlement accounted for said wood and all the moneys he had collected of said estate, and that he had by mistake placed said note upon said account as of and belonging to said estate; all of which said proposed evidence the creditors of said estate moved to reject; which motion the court sustained, and the said Elijah M. Hussey" excepted. The bill of exceptions then goes on further to recite, that Hussey "then offered to prove by himself the same facts, to show that said note was his property, and not the property of the estate" of McDonald. To this the creditors again objected, and the court sustained the objection, and refused to allow the proof thus offered; and Hussey again excepted. This seems to be all that the record discloses on the subject. This does not show that Hussey was charged with the amount of the note more than once; and for this he was clearly liable to account. The bill of exceptions does not show that he was charged with it a second time, or that it was proposed to so charge him. He merely asked a credit for it, but it does not appear whether this was refused or not. But suppose he wished to withdraw it from the assets of the estate, which had been improperly returned in his inventory as such. Could this be done? The settlement of the administration in chief was final and conclusive. If it was affected by mistakes, after the adjournment of the court these could not be corrected, except by bill in chancery as provided by the Code. Rev. Code, § 2274. The evidence attempted to be introduced went only to show that there was a mistake in the final settlement of the administrator in chief, in his settlement of the 13th day of April, 1868, in returning the note in question as a part of the estate of Jonathan McDonald, deceased, and not that he was entitled to a credit for it on his settlement then pending. Such evidence as that offered and rejected, on the issue presented to the court on the application for the credit asked, was irrelevant, and there was no error in its rejection.

The judgment of the court below is affirmed.

BRICKELL, J., not sitting.